[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11955

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-10076-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARLEY CEBALLO GONZALEZ,
HUMBERTO CARRAZANA,
BRAINER GOMEZ CRUZ,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(August 24, 2010)

Before BARKETT and MARCUS, Circuit Judges, and HOOD,[*] District Judge.

_____

[*] Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

BARKETT, Circuit Judge:

Arley Ceballo Gonzalez, Humberto Carrazana, and Brainer Gomez Cruz

(collectively "defendants"), each through separate counsel, appeal their respective

convictions and sentences after a jury convicted them of conspiring to encourage

and induce an alien to enter the United States, knowing and in reckless disregard

that this would violate the law, in violation of 8 U.S.C. § 1324(a)(1)(A)(iv),

(a)(1)(A)(v)(I)[1], and thirty-two substantive violations of 8 U.S.C. §

1324(a)(1)(A)(iv).[2]

Gonzalez and Cruz both challenge the sufficiency of the evidence to support

their convictions on all counts. Gonzalez and Carranza each argue that the district

court erred in its admission of evidence regarding their prior encounters with the

United States Coast Guard ("Coast Guard") under Fed. R. Evid. 404(b). As to

---

[1] The government also charged each defendant under 8 U.S.C. § 1324(a)(1)(B)(iv) for the death of Radilberto Garcia, one of the smuggled Cubans. This statutory provision states for any violation of the alien smuggling or conspiracy to engage in alien smuggling sections of § 1324 which "result[s] in the death of any person," that the defendant "be punished by death or imprisoned for any term of years or for life, fined under [T]itle 18, or both." 8 U.S.C. § 1324(a)(1)(B)(iv). The jury acquitted each defendant of this charge in its special verdict.

[2] In addition to these three defendants, four other co-defendants were charged in this alien smuggling conspiracy. The other defendants are Alexis Viscaino Cervantes, Elieten Mendoza Zaldivar, Reynaldo Crespo Marquez, Michael Madrigal Lopez. Cervantes, Zaldivar, and Marquez pled guilty before trial. Lopez was tried in a joint trial with Gonzalez, Cruz and Carranza and has since voluntarily dismissed his appeal. All defendants were sentenced at the same proceeding, except for defendant Marquez who failed to appear for sentencing and is presently a fugitive.

sentencing, all three defendants[3] raise the same issues as to why their sentences are both procedurally and substantively unreasonable.

Upon review of the parties' briefs and after having heard oral argument from the defendants' and the government's counsel, we affirm the defendants' convictions and sentences. As an initial matter, we note that the factual background underlying this appeal is discussed in detail in our separate opinion, United States v. Zaldivar, No. 09-12035 (11th Cir. August 24, 2010), which we issued in the appeal of Elieten Mendoza Zaldivar, one of the co-defendants convicted for this same alien smuggling operation.

## I. Conviction Issues

Gonzalez and Carranza each challenge the district court's admission under Rule 404(b) of evidence pertaining to each of their separate and prior encounters with the Coast Guard while he was traveling at sea on a boat similar in size to the ones involved in this conspiracy. We cannot state that the district court abused its discretion by its admission of this evidence as to either Gonzalez or Carranza. The evidence was probative of intent and/or to rebut the defendants' arguments of

---

[3] Defendant Gonzalez is the only one of the defendants who has raised and discussed all four of these issues in his appellate brief. Defendant Carranza individually addresses the two sentencing enhancement issues in his appellate brief and requested and was granted permission pursuant to Fed. R. App. P. 28(i) to adopt Gonzalez's arguments on the two sentencing reduction issues and Gonzalez's substantive reasonableness argument. Defendant Cruz adopted Carranza's arguments as to the sentencing enhancements and adopted Gonzalez's arguments as to the sentencing reductions and substantive reasonableness.

innocent presence. Moreover, given the district court's limiting instruction regarding this Rule 404(b) evidence and the other evidence in this case, any potential prejudice to either Gonzalez or Carranza was harmless.

We likewise find no reversible error on either Gonzalez's or Cruz's sufficiency of the evidence arguments. Each of them essentially argue that the evidence shows at most that he was merely present on the Sea Fox. In addition to the facts described in our opinion in Zaldivar, the evidence presented at the defendants' trial established that the satellite phones recovered from the Sea Fox and Chris Craft had two phone numbers in common to which they had placed many calls to on the day of this event. Two of the smuggled Cubans testified at the trial that they saw someone on the Scarab using a satellite phone, that there were several refuelings of their boat during the trip, and that they were told by someone in Cuba that their trip would cost them either $5,000 or $10,000. The government also replayed a video to the jury that showed the three boats rafted together and their journey northward as they were being tracked by the Coast Guard and Customs and Border Protection. Accordingly, we conclude that the government presented sufficient evidence to support a reasonable jury's conclusion that Gonzalez and Cruz were knowing participants in an operation involving the Scarab, Chris Craft and their boat, the Sea Fox, to smuggle the thirty-two Cubans

4

into the United States.

## II. Sentencing Issues

Each of the defendants challenge the district court's imposition of a ten-level enhancement under § 2L1.1(b)(7)(D) of the Sentencing Guidelines to each of their respective sentences based on the death of Radilberto Quevedo Garcia. In our related Zaldivar opinion we held that it was reasonably foreseeable to Zaldivar that his co-conspirator, Cervantes, would attempt to flee from the Coast Guard upon detection during the course of this alien smuggling operation and that given all of the surrounding conditions one of the Cubans could be seriously injured or die as a result.

We likewise conclude that Cervantes's actions were reasonably foreseeable to each of the defendants herein. Although they were not on Cervantes's boat, Gonzalez, Carranza, and Cruz were participants in the same alien smuggling operation on boats that were acting as decoys, the purpose of which was to assist the Scarab in avoiding Coast Guard detection. Thus because the Scarab attempted to avoid interdiction by the Coast Guard by fleeing at a high rate of speed, we see no error in the district court's determination that this action was reasonably foreseeable to the defendants. Moreover as knowing participants in an alien smuggling operation that was taking place on the open seas during the dark of

night and involved a significantly overcrowded boat, the defendants were well aware of or at least should have been well aware of the dangerous conditions inherent in this operation. Accordingly, we find no error in applying the ten-level enhancement to each defendant.

Next, we find no error in the district court's denial of the defendants' request for sentencing reductions based on their argument that they were involved in this operation for a reason other than profit. Two of the smuggled Cubans testified that they expected to pay between $5,000 and $10,000 for the trip and none of the defendants presented any affirmative evidence of any other reason for their involvement in this alien smuggling operation.

We also find no clear error in the denial of a minor role reduction where none of the defendants has established that he was significantly less culpable than most of the other participants in this alien smuggling operation. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). At best, the evidence shows that each defendant had the same role as most of his fellow conspirators.

We also find no error in the application of a two level increase to each of the defendant's base offense level pursuant to § 2L1.1(b)(6) because the alien smuggling offense "involved intentionally or recklessly creating a substantial risk

6

of death or serious bodily injury to another person." We do not find it persuasive that the defendants may not have known how many floatation devices were on board the Scarab or that they were not physically on the Scarab. The defendants were aware that the Scarab was significantly overcrowded and yet the defendants agreed to be a part of this alien smuggling activity and to aid the Scarab in its transportation of the Cubans. They were aware that this activity was taking place at night on the open seas and that the Scarab was traveling at a high rate of speed without its navigational lights on. That activity alone recklessly created a substantial risk of serious injury to the Scarab's passengers.

Lastly, the defendants argue that each of their respective 120 months' sentences is unreasonable because Cervantes, who operated the boat on which Garcia was fatally injured, received a lower sentence of 108 months' imprisonment. Here, we cannot say that "we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors" in arriving at the defendants' sentences. United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). Each of the defendants presented testimony about his particular circumstances and background and the district court indicated on the record that it considered the § 3553 factors when imposing the defendants' sentences. While we may have exercised our judgment differently

than the district judge we cannot state that he committed a clear error in judgment based on the twelve month disparity between the defendants' sentences and Cervantes's sentence.

In conclusion, as to the defendants' convictions we find no reversible error and accordingly AFFIRM. Likewise as to each defendant's sentence we find no reversible error and thus AFFIRM.

**AFFIRMED.**